IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

HARRY ANDERSON,              :
                                  :
            Plaintiff,         :
                                  :
      VS.                  :
                                  :     1 : 10-CV-76 (WLS)
MICHAEL J. ASTRUE,        :
Commissioner of Social Security,   :
                                  :
          Defendant.     :
_____

## RECOMMENDATION

The Plaintiff herein filed this Social Security appeal on June 22, 2010, challenging the

Commissioner's final decision denying his application for disability benefits, finding him not disabled

within the meaning of the Social Security Act and Regulations.  Jurisdiction arises under 42 U.S.C. §

405(g) and 42 U.S.C. § 1383(c).   All administrative remedies have been exhausted.

## LEGAL STANDARDS

In reviewing the final decision of the Commissioner, this Court must evaluate both whether the

Commissioner's decision is supported by substantial evidence and whether the Commissioner applied

the correct legal standards to the evidence.  *Boyd v. Heckler*, 704 F.2d 1207, 1209 (11th Cir. 1983);

*Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).  The Commissioner's factual findings are

deemed conclusive if supported by substantial evidence, defined as more than a scintilla, such that a

reasonable person would accept the evidence as adequate to support the conclusion at issue.

*Richardson v. Perales*, 402 U.S. 389, 401 (1971)*; Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir.

1991).  In reviewing the ALJ's decision for support by substantial evidence, this Court may not reweigh

the evidence or substitute its judgment for that of the Commissioner.  "Even if we find that the evidence

preponderates against the [Commissioner's] decision, we must affirm if the decision is supported by substantial evidence." *Bloodsworth*, 703 F.2d at 1239.  "In contrast, the [Commissioner's] conclusions of law are not presumed valid. . . . The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Cornelius*, 936 F.2d at 1145-1146.

### Administrative Proceedings

The Plaintiff filed an application for disability benefits and supplemental security income in May 2006.  (T- 99, 103).  His claims were denied initially and upon reconsideration.  (T- 60-63).  A hearing was held before an ALJ in Albany, Georgia on May 13, 2008.  (T-30-59).  Thereafter, in a hearing decision dated September 10, 2008, the ALJ determined that the Plaintiff was not disabled.  (T- 7-29). The Appeals Council subsequently denied review and the ALJ's decision thereby became the final decision of the Commissioner.  (T-1-4).

### Statement of Facts and Evidence

The Plaintiff was forty-six (46) years of age at the time of the ALJ's decision, and alleged disability since April 18, 2006, due to diabetes, hypertension, respiratory problems, nerve damage, back pain and sickle cell thalassemia.  (T- 34-37).  He completed high school and served in the United States Army for five years.  (T - 34).  Plaintiff has past relevant work experience as a correctional officer and security guard.  *Id.*  As determined by the ALJ, Plaintiff suffers from severe impairments in the form of diabetes mellitus with mild neuropathy, and essential hypertension.  (T-12).  The ALJ found that the Plaintiff did not have an impairment or combination thereof that met or medically equaled a listed impairment, and remained capable of performing light work activity.  (T - 16).  The ALJ relied on the testimony of a Vocational Expert to determine that although the Plaintiff could not return to his past relevant work, the Plaintiff remained capable of performing other jobs that existed in significant

numbers in the national economy and thus was not disabled.  (T- 26-28).

## DISCUSSION

### *Physicians' opinions*

The Plaintiff argues initially that the ALJ erred in discounting the opinions of disability issued by treating physicians Dr. Satchel and Dr. Tongol.  Pursuant to 20 C.F.R. § 404.1527(e)(2), the Commissioner will "consider opinions from treating and examining sources on issues such as . . . your residual functional capacity . . . [although] the final responsibility for deciding these issues is reserved to the Commissioner."  "A statement by a medical source that you are 'disabled' or 'unable to work' does not mean that we will determine that you are disabled."  20 C.F.R. § 404.1527(e)(1).  Good cause to discount the opinion of a physician has been found to exist "where the doctor's opinion was not bolstered by the evidence, or where the evidence supported a contrary finding.  We have also found good cause where the doctors' opinions were conclusory or inconsistent with their own medical records."  *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997) (internal citations omitted).  As the *Lewis* court noted, "[w]e are concerned here with the doctors' evaluations of [the plaintiff's] condition and the medical consequences thereof, not their opinions of the legal consequences of [her] condition."  *Id.*

"Absent 'good cause', an ALJ is to give the medical opinions of treating physicians 'substantial or considerable weight'. . . With good cause, an ALJ may disregard a treating physician's opinion, but he 'must clearly articulate [the] reasons' for doing so."  *Winschel v. Comm'r. of Social Security*, 631 F.3d 1176, 1179 (11th Cir. 2011) (quoting *Phillips v. Barnhart*, 357 F.3d 1232, 1241 (11th Cir. 2004)).

The Plaintiff asserts that the ALJ improperly assigned little weight to the opinions issued by treating physicians Dr. Satchell and Dr. Tongol.  Both of these physicians issued opinions in January 2007 that the Plaintiff is disabled.  (T - 341, 335).  The ALJ reviewed the opinions issued by Drs.

Satchell and Tongol, and then issued the following findings:

> there are several factors that significantly detract from the persuasiveness
> of Dr. Satchell's above-cited opinions in this case, including . . .
> substantial inconsistencies between the various opinions rendered by Dr.
> Satchell. For example, Dr. Satchell cited severe neuropathy, chronic back
> pain, and bilateral foot pain - not uncontrolled hypertension - as the bases
> for his January 2007 opinion that the claimant was "currently disabled."
> By contrast, his May 2008 Health Summary exclusively cited
> "uncontrolled hypertension since 2005" as the cause of the claimant's
> disability. [Additionally] Dr. Satchell's unexplained conclusory May
> 2008 opinion that the status [of] the claimant's diabetes mellitus is
> "uncontrolled" ostensibly conflicts with his prior consistent
> characterization of that status as "controlled" in his above-cited treatment
> notes for the period May 2006 through January 2008. . . [and] the
> persuasiveness of [the opinion that claimant's hypertension is
> "uncontrolled"] is diminished by credible evidence of record that this
> "uncontrolled" status may be partly attributable to the claimant's
> noncompliance with treatment plan(s) specified by Dr. Satchell and the
> counseling provided by the Veterans Administration medical staff - as
> discussed above. Accordingly, little weight is given to the above-cited
> opinions of Dr. Satchell.
>  . . .
>
> No weight is given to the conclusory opinion of Dr. Tongol . . .
> [as his] opinion appears to be largely predicated on his rather tentative
> diagnosis (as discussed above) of sickle cell thalassemia (and associated
> pain) - a diagnosis that is not convincingly supported by objective medical
> evidence of record.

(T - 25).

The Court finds that the ALJ provided specific and adequate reasons for discounting the opinions

issued by Dr. Satchell and Dr. Tongol. The opinions of disability issued by these physicians are

conclusory and largely supported only by a diagnosis, without explanation of symptoms and resulting

limitations. A diagnosis alone is insufficient to support a finding of disability, but must be

accompanied by evidence of functional limitation. *Moore v. Barnhart*, 405 F.3d 1208, 1213 n.6

(11th Cir. 2005); *McCruter v. Bowen*, 791 F.2d 1544, 1547 (11th Cir. 1986); *Sellers v. Barnhart*, 246

F.Supp.2d 1201, 1211 (M.D.Ala. 2002). Neither of these physicians reference specific findings in their medical treatment records to support their conclusions, and as pointed out by the ALJ, Dr. Satchell's findings contain inconsistencies as to the extent and basis of Plaintiff's disability that Dr. Satchell fails to explain. The Court finds that the ALJ provided specific and adequate reasons for discounting the opinions of disability issued by Dr. Satchell and Dr. Tongol, and therefore, the ALJ's determinations as to this issue are supported by substantial evidence.

***Determination of disability by other agencies***

The Plaintiff asserts that the ALJ erred in issuing only a conclusory statement regarding the findings of disability issued by the Veterans Administration ("VA") and a private long-term disability insurer, without considering the evidence supporting these decisions. The ALJ noted that

> the claimant was given a non-service connected disability pension by the Veterans Administration in 2006, and that he has been receiving monthly payments from a private long-term disability insurer since June 2006. A decision by any nongovernmental entity or any other governmental agency about whether a claimant is disabled is based solely on their rules and operating procedures. Similarly, the Social Security Administration must make a disability determination based upon social security law and regulations. Therefore, a prior determination made by another government agency or nongovernmental entity that a claimant is disabled is not binding on the evaluation in the instant case.

(T - 10).

Although the disability decisions of other agencies are not binding on the Commissioner, these decisions are entitled to great weight. 20 C.F.R. § 404.1504; *Bloodsworth*, 703 F.2d at 1241; *Rodriguez v. Schweiker*, 640 F.2d 682, 686 (5th Cir. 1981). The assignment of great weight may be implicit in the ALJ's decision. *Kemp v. Astrue*, 308 Fed.Appx. 423, 426 (11th Cir. 2009). Specifically, when an ALJ relies on and references the agency records in his decision, "he implicitly [finds] that the [agency] disability ratings [are] entitled to great weight." *Id.*

Herein, after noting the VA disability determination, the ALJ repeatedly referenced and relied on the VA records, thereby implicitly assigning great weight to the VA disability determination.  (T - 15, 17, 18, 19, 22).

As noted by the Commissioner, the Plaintiff mentions the ALJ's alleged failure to properly credit the opinion of disability issued by Plaintiff's private long-term disability carrier, but he fails to develop this argument in his brief.  Accordingly, the Court finds that this argument has been abandoned.  *See Outlaw v. Barnhart*, 2006 WL 2640223, n.3 (11th Cir. 2006) (issue listed in brief but not elaborated upon deemed waived).

***Vocational expert testimony***

Finally, the Plaintiff asserts that substantial evidence does not support the testimony of the Vocational Expert, in that the VE erroneously testified that a person's need to alternate between sitting and standing positions approximately every 30 minutes has no impact on the occupational base of jobs, and the jobs identified require repetitive use of the hands, which was precluded in the ALJ's findings and  hypothetical.

In regard to the VE's testimony as to jobs with a sit/stand option, Social Security Ruling 83-12 suggests that "in cases of unusual limitation of ability to sit or stand a [VE] should be consulted to clarify the implications for the occupational base".  Herein, the ALJ complied with the requirements of Ruling 83-12 in asking the VE to consider the need for a sit/stand option in assessing available jobs for the Plaintiff.  (T - 55-56).  "Having had a VE testify as to what, if any, jobs Claimant was capable of performing, due to his need to alternate between sitting and standing, the ALJ properly followed the guidelines as set out in SSR 83-12."  *Faust v. Astrue*, 2008 WL 5000101, *4 (M.D.Ga.) (CDL).  Moreover, "the ALJ need not independently corroborate the VE's testimony".  *Johnson v. Astrue*, 2009 WL 918100, *4 (M.D.Ga.) (CAR).

To the extent that the Plaintiff argues that the ALJ erred in relying on the Vocational Expert's testimony without first resolving a conflict between the Dictionary of Occupational Titles and findings regarding the Plaintiff's residual functional capacity, Social Security Ruling 00-4p only requires the ALJ to inquire of the Vocational Expert whether his testimony is in conflict with the Dictionary of Occupational Titles.  *Johnson v. Astrue*, 2009 WL 918100 (M.D.Ga.) (CAR);  *Faust*, 2008 WL 5000101 (M.D.Ga.) (CDL).  Ruling 00-4p provides in relevant part that:

> [o]ccupational evidence provided by a VE generally should be consistent with the occupational information supplied by the DOT . . . At the hearings level, as part of the adjudicator's duty to fully develop the record, the adjudicator will inquire, on the record, as to whether or not there is [consistency between VE evidence and the DOT].

Social Security Ruling 00-4p.

As the Commissioner points out, the ALJ specifically asked the Vocational Expert

> Q:   [I]n areas covered by the Dictionary of Occupational Titles, has your testimony today been consistent with that document?
>
> A:   Yes, sir.

(T - 58).

The ALJ thereafter properly relied on the Vocational Expert's testimony, which provided substantial evidence to support a finding of no disability.  Although the Plaintiff now argues that the ALJ failed to resolve an apparent conflict between the DOT evidence and the VE's testimony, counsel for Plaintiff raised no objection or additional questioning following the above questioning of the VE by the ALJ, wherein the VE concluded there was no conflict.  (T - 58, 59).  Further, Plaintiff did not identify any such conflict at the hearing.  When "[t]he question is whether remand is warranted when [a] conflict between the VE's testimony and the DOT is not identified during the hearing or in the ALJ's decision . . . [c]ourts that have considered this issue have refused to remand such cases [where

plaintiff was represented by counsel, the VE was subject to cross-examination, and the VE's testimony regarding no conflict was unchallenged].  In short, the ALJ need not independently corroborate the VE's testimony and should be able to rely on such testimony where no apparent conflict exists with the DOT."  *Massey v. Astrue*, 2008 WL 623196 (M.D.Ga. 2008) (CDL).  The ALJ herein did not err in relying on the testimony of the VE and any issue as to conflict was not preserved by the Plaintiff at the hearing.

*Conclusion*

Inasmuch as the Commissioner's final decision in this matter is supported by substantial evidence and was reached through a proper application of the legal standards, it is the recommendation of the undersigned that the Commissioner's decision be **AFFIRMED** pursuant to Sentence Four of § 405(g).  Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable W. Louis Sands, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

**SO RECOMMENDED**, this 24th day of August, 2011.

**s/ *THOMAS Q. LANGSTAFF***

**UNITED STATES MAGISTRATE JUDGE**

asb

8